

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| EAG/AL | *271 Cadman Plaza East* |
| F.#2010R00153 | *Brooklyn, New York  11201* |

August 10, 2012

By Hand Delivery and ECF

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Joseph Virzi
              Criminal Docket No. 11-30 (KAM)

Dear Judge Matsumoto:

      The government respectfully submits this letter in anticipation of sentencing in the above-captioned case, which is scheduled for August 31, 2012, and in response to the defendant's letter dated July 25, 2012, setting forth the defendant's objections to the Pre-Sentence Investigation Report ("PSR").  For the reasons set forth below, the government respectfully asks the Court to impose a sentence of incarceration within the advisory Guidelines range of 0 to 6 months.

I.    Background

      On January 12, 2011, a grand jury in the Eastern District of New York returned an indictment charging the defendant and thirty-eight others with a variety of offenses based on their leadership of, membership in and association with the Colombo organized crime family of La Cosa Nostra (the "Colombo crime family" and "LCN," respectively).  (Docket Entry No. 1.)  The defendant was charged in Count Thirty-two of the indictment with conducting an illegal gambling business involving sports-betting, in violation of 18 U.S.C. § 1955.

      On January 20, 2011, the indictment was unsealed and the defendant was arrested.  On July 22, 2011, the defendant pled guilty, pursuant to a plea agreement, to Count Thirty-two.

II. Discussion

The government respectfully submits that a sentence within the advisory Guidelines range, 0 to 6 months' imprisonment, is appropriate in this case in light of the relevant sentencing factors.

A. Legal Standard

The Sentencing Guidelines are advisory, not mandatory. United States v. Booker, 543 U.S. 220, 258-60 (2005). However, the Supreme Court held in Booker that sentencing courts must consider the Guidelines in formulating an appropriate sentence. Id. In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted). Next, a district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [a district court] may not presume that the Guidelines range is reasonable. [A district court] must make an individualized assessment based on the facts presented." Id. at 49-50 (citation and footnote omitted).

B. The Guidelines Range Is 0 to 6 Months

The government is prepared to move for a two-level decrease in the applicable sentencing range. As the Court is aware, a number of defendants in this case, including the present defendant, have pleaded guilty pursuant to plea agreements in which the government agreed to recommend an additional two-level reduction, pursuant to U.S.S.G. § 5K2.0, to the advisory Guidelines range if all "covered defendants" listed in the plea agreements entered guilty pleas by a certain date and the pleas were accepted by a United States District Judge. Although not all of the "covered defendants" have pleaded guilty, the government moves for a two-level reduction in light of the guilty pleas entered by numerous covered defendants.

If the Court grants the government's motion for a two-level reduction of the adjusted offense level based on a global disposition, the total offense level would be 8 and the advisory Guidelines range would be 0 to 6 months, given that the defendant is in Criminal History Category I.

C. A Sentence Within the Guidelines Range Is Appropriate

Based on the factors set forth in 18 U.S.C. § 3553(a), a sentence within the Guidelines range is appropriate in this case.

The defendant has been convicted of participating in an illegal gambling business with members and associates of La Cosa Nostra. Specifically, from September 2009 to February 2010, the defendant participated in an illegal gambling business with Colombo crime family associate Frank Senatore, under the protection of then-Colombo crime family soldiers Anthony Russo and Joseph Savarese and Gambino organized crime family of La Cosa Nostra ("Gambino crime family") member Louis Devito (who is Savarese's brother-in-law). The defendant and Virzi operated the business throughout the 2009-2010 football season. At the conclusion of the season, they parted ways.

In a letter setting forth his objections to the PSR, Virzi challenges the characterization in the PSR that he was an associate of Devito.[1] The government submits that the characterization is accurate. A cooperating witness has advised that Virzi is indeed an associate of Devito and this characterization is corroborated by the consensual recordings made by the cooperating witness. For example, on January 8, 2010, after newspaper articles indicated that arrests involving a gambling ring by members of the Gambino crime family, including Gambino crime family soldier Joseph Lanni, were imminent, see, e.g., Scott Shifrel, "Feds near Sting of Gambino-run Gambling Ring," N.Y. Daily News (Jan. 8, 2010), the cooperating witness ("CW") met with Senatore ("FS"), Virzi's partner and co-defendant, in Brooklyn, New York, and had the following discussion:

---

[1] The government agrees with Virzi's contention in the letter that he is not the stepson of Jack D'Amico or the brother-in-law of co-defendant Joseph Savarese, of which the government had advised the Probation Department in error. In fact, it is Louis Devito who was the stepson of D'Amico and brother-in-law of Savarese.

FS: That's why I want to tighten up a little.

CW: You know, you know, we're pretty tight. It's just the other kid [a reference to Virzi] I'm worried about, with his friends. I'm not worried about us. [UI] kid, this kid Joey [UI] [Virzi] gets pinched.

FS: What do you mean?

CW: I'm saying, is he a standup kid? What do you know about him?

FS: I know him for years. Yeah, I wouldn't do it with him if I didn't trust him.

CW: Alright. No, I just wanted to make sure.

FS: <u>Taking big action for [UI] Louis [a reference to Devito].</u>

CW: Yeah, I understand, but why ruin something good that we got going? You know what I mean?

FS: The only headache is separation. [UI] when that happens, that's the only headache and when that happens, I'm just gonna say, you know, leave it up to the people, whoever they want to [UI].

CW: Oh, okay. Whoever they want to deal with.

FS: You see.

CW: Yeah, I remember you saying --

FS: He's [Virzi's] a nice kid but he's very antagonizing.

CW: And he's stupid.

FS: No, he's very antagonizing.

> CW: He's a little schemer, you know that, right?
>
> FS: Yeah, I know that.
>
> CW: They only reason I'm saying that is because you were saying the other day, thinks he's getting pinched.
>
> FS: What do you mean?
>
> CW: 'Member the other day you were saying, he thinks the feds bugged his car.
>
> FS: Right, because they broke his window. I told him there's no way they could do that - they would just did it regular.
>
> CW: Now Louis [Devito] has nothing to do with [Gambino family member] Joe Lanni [who was referenced by name in the newspaper articles] or nothing? Nothing together?
>
> FS: No.

Virzi's association with Devito is further corroborated by a meeting that took place in 2010 – after the business had dissolved – to resolve a dispute over a gambling debt. The cooperating witness has advised that on June 9, 2010, Senatore, Savarese and the cooperating witness met at the Americana Diner in Brooklyn with the defendant and the defendant's father, Joseph "Jack" Virzi, to resolve an outstanding dispute regarding the business. (The meeting however was not recorded due to a malfunction with the recorder). On June 13, 2010, Savarese ("JS") met with the cooperating witness and on a recording of that meeting, Savarese indicated that he had recently met with Devito regarding the Virzi's and problems that associates of the Colombo crime family had encountered with them.[2]

---

[2] Following are draft transcripts of excerpts of the recording:

> JS: The father [Jack Virzi] all along when he's talking with me and Louis [Devito] is like, so I told my son [the defendant Virzi], "this little Bastard," duh, duh,

-5-

      Regardless, this is a serious crime that merits a sentence within the Guidelines range. 18 U.S.C. § 3553(a)(1). La Cosa Nostra is a dangerous criminal enterprise that uses violence to further its interests. The defendant's criminal association with the Colombo and Gambino crime families reflects his commitment to its violent goals. In addition, this association enabled the defendant to commit crimes. For example, the defendant was able to operate his illegal gambling business free from interference by other criminals because he was protected by the Colombo and Gambino crime families. And if a gambling customer were to fail to pay a gambling loss, the violent reputation of these crime families, and specifically the members who protected the defendant, would enable the defendant to obtain payment by extortion, that is, through the credible threat of violence. Furthermore, because illegal gambling operations allow dangerous criminal organizations such as these crime families to earn money, gambling is necessary for their survival.

      In light of the foregoing, the government respectfully submits that the nature and circumstances of the offense warrant a sentence within the advisory Guidelines range.

---

      duh.

      \* \* \*

  JS:  I told Jack [the defendant's father] the day before, I got no time....

      \* \* \*

  JS:  When I had the list, I gave it to Louis [Devito] and I told Louis, something's fishy here, this fuckin' list is in the kid's [the defendant Virzi's] handwriting. We got to get together and get these two assholes together.

III. Conclusion

      For all of the foregoing reasons, the government respectfully submits that the Court should impose a sentence within the advisory Guidelines range of 0 to 6 months.

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney

                      By:       /s/
                              Elizabeth A. Geddes
                              Allon Lifshitz
                              Gina Parlovecchio
                              Assistant U.S. Attorneys

cc: Clerk of the Court (KAM) (by ECF)
    Steven L. Brounstein, Esq. (by ECF)
    Cheryl Fiorillo, Senior U.S. Probation Officer (by email)